## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARL MATTHEW FRIEND<br>341 W. Kline Avenue<br>Lansford, PA 18232<br><br>       *Plaintiff*,<br><br>    v.<br><br>COMPUTER AID, INC.<br>d/b/a CAI<br>1390 Ridgeview Drive<br>Allentown, PA 18104<br>     and<br>W.L. GORE & ASSOCIATES, INC.<br>555 Paper Mill Road<br>Newark, DE 19711<br><br>      *Defendants*. | CIVIL ACTION<br><br>No.:_____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Darl Matthew Friend (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Computer Aid, Inc. d/b/a CAI and W.L. Gore & Associates, Inc. (hereinafter collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA"- 29 U.S.C. §§ 2601 *et. seq.*) and the Pennsylvania Human

Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's forthcoming state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the PHRC. Plaintiff has properly exhausted administrative proceedings before initiating this action by timely filing and dual-filing the Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission ("PHRC"). Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

**PARTIES**

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Plaintiff was directly employed by Computer Aid, Inc. ("CAI," if referred to individually). CAI is a global technology company which provides third-party technology services to contracting entities.

9. W.L. Gore & Associates, Inc. ("WL," if referred to individually) is a global materials science company which focuses on the development, manufacture, and sales of proprietary products (one of which is well known to be "GORE-TEX"). Although employed and paid through CAI, Plaintiff worked for and provided services to WL.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by CAI on or about May 22, 2022; and in total, was employed for approximately 2.5 years until being terminated on or about October 3, 2025.

3

14.    During this timeframe, Plaintiff's job title was IT Support Specialist. From CAI, Plaintiff's primary supervisor was Kya Shayla ("Shayla"). From WL, Plaintiff's primary supervisor was Christina Rogers ("Rogers").

15.    Plaintiff was a full-time employee of Defendants and performed services for both entities; was managed by both entities; and was required to abide by policies, procedures, directives, and expectations of both entities.

16.    Plaintiff performed his job very well and had never received any verbal or written discipline during his employment with Defendants.

17.    Plaintiff suffers from many health problems, including but not limited to, carpel tunnel syndrome, chronic migraines, knee problems, shoulder problems, cervical disc disorder (and other medical complications).

18.    Plaintiff's medical conditions limit his ability (at times) to perform some daily life activities, including but not limited to lifting, sitting, standing and other daily life activities.

19.    Despite his aforementioned disabilities and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants, however, Plaintiff did require reasonable medical accommodations at times, including but not limited to, medical leave and a temporary lifting accommodation, as discussed *infra*.

20.    Due to significant health complications, Plaintiff required a medical leave of absence commencing in June of 2025.

21.    After initially declining approval of leave under the Family and Medical Leave Act ("FMLA) for insufficient information, Plaintiff was ultimately approved for FMLA leave.

4

22.     According to CAI and its third-party medical leave administrator (Lincoln Financial), Plaintiff's FMLA leave was deemed fully used or exhausted by mid-September of 2025 (on or about 9/17/25).

23.     Plaintiff obtained a medical note, dated September 29, 2025, which cleared Plaintiff to resume working, provided that he abided by some medical restrictions that had no impact on his role as an IT Support Specialist.

24.     Per the release, Plaintiff just could not lift over eight (8) pounds (it should be noted that Plaintiff did not perform manual labor) and he had to rotate in seated or standing positions at times. Moreover, these "recommendations" were *only in place for "three months."*

25.     Plaintiff received the note (dated 9/29/25) on or about October 1, 2025, from his physician (as it was sent to Plaintiff via facsimile on 10/1/25). As soon as Plaintiff received it, he promptly provided a copy to CAI's administrator (Lincoln Financial).

26.     In addition to updating Lincoln Financial, Plaintiff was continuously updating his immediate manager of CAI. Often on a daily basis, Plaintiff exchanged chat messages with Shayla.

27.     Plaintiff updated Shayla as well on October 1, 2025, when Plaintiff received his release with medical restrictions from his physician. This is all documented in actual exchanges of written communications between Plaintiff and Shayla.

28.     Plaintiff was informed via telephone by Destiny Givens ("Givens"), an HR Manager of CAI, that she received Plaintiff's medical documentation with restrictions.

29.     In this call, Givens informed Plaintiff that in discussing this matter *internally and with GW*, it was jointly determined that Defendants were unable to accommodate my medical restrictions.

30.     Per phone communications (via call **and** voicemail left for Plaintiff), Givens made it clear that Plaintiff's continued employment was being discussed with GW.

31.     Plaintiff was completely confused, shocked, and felt discriminated against. What Givens told Plaintiff made absolutely no sense (as to an unwillingness to accommodate Plaintiff). Plaintiff worked from home full-time. Plaintiff did not lift objects as part of his job. Plaintiff could easily rotate standing and sitting when working.

32.     Moreover, Plaintiff was given no explanation of why his accommodation that was only for *a mere three (3) months* could not be accommodated. Plaintiff had even messaged his management that he did not want to lose his job.

33.     In addition, Plaintiff performed *a highly redundant job* (with more than 50 people doing something similar). If Defendants were refusing to let Plaintiff keep working with non-applicable restrictions to the essential functions of his job, it could have – as an ADA accommodation – just extended Plaintiff's leave for a few more months without terminating him.

34.     If not for the rush to terminate Plaintiff, he would have even conferred about lessening the three-month timeframe for the accommodations (but Plaintiff was denied any interactive process).

35.     *Instead, Defendants treated Plaintiff as if governed by their attendance policy(s) solely because Plaintiff exhausted his FMLA entitlements without considering my further accommodation rights under the ADA and the PHRA.*

36.     On October 3, 2025, Plaintiff was emailed a letter from Joe Yannick ("Yannick"), a Director of Service Delivery for CAI, which identified that Plaintiff's FMLA ended on 9/17/25.

37.     In Yannick's letter, he also stated: "You are expected to review and adhere to CAI's attendance policy where seven occurrences that violate the policy is grounds for termination. At

6

this time, we are unable to extend support for your continued absence." *Yannick refused to address, acknowledge, or even respond to Plaintiff's medical clearance with very minor restrictions.*

38.    Shortly after Yannick's letter disapproving of any further medical leave and insinuating that Plaintiff was violating the attendance policy, Plaintiff received another email of termination. On October 3, 2025 (after Yannick's aforesaid communication), Plaintiff was emailed a termination letter by Givens, which stated in pertinent part:

> Thank you for speaking with Tanya and me today. As a follow-up to our discussion, your 12-weeks of job protected FML concluded on 9/17/2025 with your short-term disability concluding on 9/22/2025. We observed your return on 9/23/2025, however your continued absence violates our attendance policy which upon 7 occurrences, you become eligible for termination. Accordingly, we are proceeding with ending your employment with CAI effective today, 10/3/2025 per company policy.

39.    Plaintiff was denied an interactive process, denied medical accommodations, and terminated for discriminatory and retaliatory reasons in violation of the ADA and the PHRA. Plaintiff's termination also constitutes violations of the FMLA.[2]

**Count I**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>**
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate;**
**[3] Retaliation; and [4] Wrongful Termination)**
**-Against Both Defendants-**

40.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.    Defendants employ, individually and/or collectively, 15 or more employees.

42.    Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities  (discussed *supra*).

---

[2] *See Erdman v. Nationwide Ins. Co.,* 582 F.3d 500, 509 (3d Cir. 2009) ("[F]iring an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee.").

43. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants, however, Plaintiff did require reasonable medical accommodations at times (discussed *supra*).

44. Plaintiff kept Defendants informed of his serious medical conditions and need for accommodations.

45. Plaintiff was terminated in close temporal proximity to requesting/utilizing accommodations for his own health conditions.

46. Defendants failed to properly accommodate Plaintiff, by: (a) failing to engage in the interactive process; (b) denying Plaintiff's requests for reasonable accommodations; and (c) terminating Plaintiff after requesting/utilizing reasonable medical accommodations.

47. Plaintiff believes and therefore avers that he was terminated because of: (a) his known and/or perceived health problems; (b) his record of impairment; and (c) his requested accommodations (which constitutes illegal retaliation).

48. Defendants' actions as aforesaid constitute violations of the ADA.

**Count II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**-Against Both Defendants-**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

51. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

52.     Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

53.     Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

54.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

55.     Defendants committed interference and retaliation violations of the FMLA by: (a) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (b) by considering Plaintiff's FMLA leave needs in making the decision to terminate him; (c) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (d) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; (e) failing to designate Plaintiff's requests for time off for his serious health conditions as FMLA-qualifying or FMLA protected leave; and (f) subjecting Plaintiff to hostility for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave.

56.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: April 7, 2026

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Darl Matthew Friend | : | CIVIL ACTION |
| v. | : | |
| Computer Aid, Inc. d/b/a CAI, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 4/7/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☒  10. Civil Rights
☐  11. Habeas Corpus
☐  12. Securities Cases
☐  13. Social Security Review Cases
☐  14. Qui Tam Cases
☐  15. Cases Seeking Systemic Relief  **\*see certification below\***
☐  16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FRIEND, DARL MATTHEW | COMPUTER AID, INC. D/B/A CAI, ET AL. |

**(b)** County of Residence of First Listed Plaintiff    Carbon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [X] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**　**PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane　[ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product　　　Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | 　　　Liability　　[ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &　　　Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| 　　& Enforcement of Judgment | 　　　Slander　　　Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'　　　Product Liability | | [ ] 835 Patent – Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | 　　　Liability　　[ ] 368 Asbestos Personal | | 　　　New Drug Application | [ ] 470 Racketeer Influenced and |
| 　　　Student Loans | [ ] 340 Marine　　　Injury Product | | [ ] 840 Trademark | 　　　Corrupt Organizations |
| 　　　(Excludes Veterans) | [ ] 345 Marine Product　　　Liability | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment | 　　　Liability　　**PERSONAL PROPERTY** | **LABOR** | 　　　Act of 2016 | 　　　(15 USC 1681 or 1692) |
| 　　　of Veteran's Benefits | [ ] 350 Motor Vehicle　[ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle　[ ] 371 Truth in Lending | 　　　Act | **SOCIAL SECURITY** | 　　　Protection Act |
| [ ] 190 Other Contract | 　　　Product Liability　[ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal　　　Property Damage | 　　　Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | 　　　Injury　　[ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | 　　　Exchange |
| | [ ] 362 Personal Injury -　　　Product Liability | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | 　　　Medical Malpractice | 　　　Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**　**PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights　**Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting　　[ ] 463 Alien Detainee | 　　　Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | 　　　Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment　[ ] 510 Motions to Vacate | | 　　　or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/　　　Sentence | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | 　　　Accommodations　[ ] 530 General | | 　　　26 USC 7609 | 　　　Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [X] 445 Amer. w/Disabilities -　[ ] 535 Death Penalty | | | 　　　Agency Decision |
| | 　　　mployment　**Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -　[ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | 　　　State Statutes |
| | 　　　Other　　[ ] 550 Civil Rights | [ ] 465 Other Immigration | | |
| | [ ] 448 Education　[ ] 555 Prison Condition | 　　　Actions | | |
| | 　　　　[ ] 560 Civil Detainee - | | | |
| | 　　　　　　Conditions of | | | |
| | 　　　　　　Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original
Proceeding
- [ ] 2 Removed from
State Court
- [ ] 3 Remanded from
Appellate Court
- [ ] 4 Reinstated or
Reopened
- [ ] 5 Transferred from
Another District
*(specify)*
- [ ] 6 Multidistrict
Litigation -
Transfer
- [ ] 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [X] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/7/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　　AMOUNT　　　APPLYING IFP　　　JUDGE　　　MAG. JUDGE